# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADRAKHIMOV INAMZHON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF GOLDEN STATE ANNEX, et al.,<br><br>　　　　Respondents. | Case No.: 1:25-cv-01059-SKO (HC)<br><br>ORDER DISMISSING PETITION AS MOOT, TERMINATING OUTSTANDING MOTIONS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

　　　　Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. All parties having consented to the jurisdiction of the Magistrate Judge, on September 19, 2025, the case was assigned to the undersigned for all purposes, including trial and entry of final judgment. (Doc. 11.)

　　　　Petitioner filed the instant petition on August 22, 2025. (Doc. 1.) On September 25, 2025, Respondent filed a motion to dismiss the petition. (Doc. 12.) Petitioner did not file an opposition. On October 31, 2025, Respondent filed a notice of immigration court order and notice of mootness. (Doc. 13.)

　　　　Petitioner filed the instant petition challenging his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). He claims his prolonged detention under 8 U.S.C. §

1225(b) without a bond hearing violates his procedural due process rights under the Fifth Amendment. He claims he should be immediately released, or alternatively, provided a bond hearing before an immigration judge ("IJ") at which the Government must justify his continued detention by clear and convincing evidence.

For the reasons discussed below, the Court will order the petition dismissed as moot.

**I.     BACKGROUND**

Petitioner is a native and citizen of Kyrgyzstan. (Doc. 12-1 at 2.) He entered the United States on June 12, 2024, without inspection and was apprehended by U.S. Customs and Border Protection. (Doc. 12-1 at 2.) Petitioner was issued a Notice and Order of Expedited Removal, and placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1)(A)(i). (Doc. 12-1 at 2.) Petitioner claimed a fear or returning to his native country and was interviewed by an asylum officer, who determined Petitioner had demonstrated a credible fear. (Doc. 12-1 at 2.) Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b). (Doc. 12-1 at 2.)

On July 29, 2024, Petitioner was charged with removability under INA §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i). (Doc. 12-1 at 2.)

On August 12, 2024, Petitioner appeared at his first master calendar hearing before the Immigration Court. (Doc. 12-1 at 2.) The case was continued at Petitioner's request so he could obtain counsel. (Doc. 12-1 at 2.)

On September 8, 2024, Petitioner, through counsel, filed a motion for release on bond. (Doc. 12-1 at 3.)  On September 9, 2024, the Immigration Court scheduled a bond hearing for Petitioner for September 12, 2024. (Doc. 12-1 at 3.) At the bond hearing on September 12, 2024, Petitioner withdrew his motion for bond release, and it appears he has not sought a bond hearing since. (Doc. 12-1 at 3.)

On October 8, 2024, Petitioner appeared for his second master calendar hearing in Immigration Court. (Doc. 12-1 at 3.) The hearing was continued at Petitioner's request. (Doc. 12-1 at 3.)

On October 23, 2024, Petitioner appeared for his third master calendar hearing. (Doc. 12-1 at 3.) The hearing was continued at Petitioner's request so he could file applications for relief. (Doc. 12-1 at 3.)

On December 4, 2024, Petitioner appeared for his fourth master calendar hearing, and the hearing was continued for a merits hearing set for January 28, 2025. (Doc. 12-1 at 3.) Multiple hearings were then held concerning Petitioner's applications for relief. (Doc. 12-1 at 3.)

While the instant petition was pending, on October 20, 2025, the Immigration Judge ("IJ") denied Petitioner's requests for asylum, withholding of removal, and deferral of removal. (Doc. 13-1.) The IJ ordered Petitioner removed to Kyrgyzstan. (Doc. 13-1.) The parties waived their rights to appeal, and the order became final. (Doc. 13-1.) Thus, Petitioner is no longer held pursuant to 8 U.S.C. § 1225(b). Petitioner is now subject to mandatory detention under 8 U.S.C. § 1231(a)(2).

## II. DISCUSSION

### A. Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. See Demore v. Kim, 538 U.S. 510, 517 (2003).

### B. Mootness

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

The parties acknowledge that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) at the time he filed the instant petition. Petitioner complained that his 16-month continuous detention under § 1225(b) had become unreasonably prolonged and indefinite, and he should be granted a bond hearing or released from custody.

On October 31, 2025, Respondent notified the Court that the Immigration Court had recently issued a removal order on October 20, 2025. (Doc. 13.) According to the order, all of Petitioner's applications for relief were denied, and he was ordered removed to Kyrgyzstan. (Doc. 13-1.) The parties waived appeal, rendering the decision a final order of removal.

In light of the foregoing, Petitioner is no longer being detained pursuant to § 1225(b). Petitioner is now subject to detention under 8 U.S.C. § 1231(a)(2). Under § 1231(a), the Attorney General is required to remove an alien such as Petitioner from the United States within a period of 90 days, known as the "removal period." See § 1231(a)(1)(A). Detention during this removal period is mandatory. See § 1231(a)(2). If the alien is not removed during the removal period, continued detention is authorized, in the discretion of the Attorney General, by § 1231(a)(6). Section 1231(a)(6) authorizes continued detention "beyond the removal period" of an alien "who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6).

Since Petitioner is no longer subject to detention under § 1225(b), his claims of indefinite detention under that section are now moot. If Petitioner is not removed within the 90-day removal period, and continued detention under § 1231(a)(6) becomes unreasonably prolonged and indefinite, Petitioner may file another habeas petition at that time. At this time, however, Petitioner is not entitled to relief.

### III.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1.     The petition for writ of habeas corpus is DISMISSED as moot;

2.     All outstanding motion are TERMINATED; and

/////

/////

3. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:  **November 3, 2025**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE